UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Case No.: 07-16145- PGH

JSL CHEMICAL CORPORATION,                           Chapter 7 proceeding

    Debtor.
_____/

DEBORAH C. MENOTTE, Trustee in
Bankruptcy for JSL Chemical
Corporation,
    Plaintiff.

v.                                                  Adv Proc. No.:09-01615-PGH

OXYDE CHEMICALS, INC., a
Texas corporation,
    Defendant.
_____/

## PLAINTIFF/TRUSTEE'S OBJECTION TO DEFENDANT OXYDE CHEMICALS, INC.'S MOTION FOR REHEARING/NEW TRIAL (D.E. # 57)

The Plaintiff/Trustee Deborah C. Menotte (the "Trustee"), as Trustee in Bankruptcy for the Debtor JSL Chemical Corporation (the "Debtor"), submits her Objection to Defendant Oxyde Chemicals, Inc.'s Motion for Rehearing/New Trial (the "Motion") (D.E. #57). The Court should deny the Motion. After losing summary judgment, Oxyde is simply trying to present new evidence and legal arguments that it had the opportunity to present under the Court's prior briefing schedule. Oxyde's failure to provide factual support for all of its defenses and make related legal argument concerning such when the Court specifically afforded it an opportunity to do so does not merit any rehearing.

Oxyde asks the Court to reconsider its Memorandum Order: 1) Granting in Part

RM:7222263:1

1

Trustee's Motion for Summary Judgment; and 2) Denying Defendant's Motion for Summary Judgment (D.E. #45). This case involved a single preference payment of $79,343.35. The Court found that the $79,343.35 payment was a preference as a matter of law under 11 U.S.C. § 547(b), and that Oxyde had failed to prove its various defenses to such under 11 U.S.C. § 547(c) as a matter of law. A motion for reconsideration must allege a manifest error of law or fact, or newly discovery material evidence that could not have been obtained beforehand. *In re Tiffany Square Assocs., Ltd.*, 104 B.R. 438, 442 (Bankr. M.D. Fla. 1989). Oxyde's Motion falls far short.

Oxyde's request for a rehearing relies exclusively on its claim that the Court failed to take into account or to consider its industry standards/objective ordinary course defense under 11 U.S.C. § 547(c)(2)(B). Relying upon two new affidavits, Oxyde claims that its cutting off of the Debtor's credit to compel payment of an old invoice during the preference period complies with industry standards. Oxyde claims the Court improperly failed to consider this argument and related evidence. However, it is Oxyde that failed to present such to the Court in a timely manner, not the Court which neglected to consider these matters.

Oxyde is correct that it raised the industry standards defense under 11 U.S.C. § 547(c)(2)(B) in its Answer and Affirmative Defenses (D.E. # 11 at p. 4, ¶ 19). However, the Trustee's Dispositive Motion for Summary Judgment acknowledged such and argued as follows:

> With respect to the objective prong of whether payments were made "according to ordinary business terms[,]" a payment is "according to ordinary business terms" if the payment practices at issue comport with the standard in the industry. *Miller v. Florida Mining and Materials (In re A.W. & Assocs.)*, 136 F.3d 1439, 1442-43 (11th Cir. 1998). This excludes actual dealings between the parties. *Gulf City Seafoods, Inc. v. Ludwig*

RM:7222263:1

2

> *Shrimp Co. (In re Gulf City Seafoods, Inc.)*, 296 F.3d 363, 368 at n. 5 (5th Cir. 2002). A creditor cannot meet its burden by simply showing that (1) its arrangement with this debtor is similar to other credit arrangements it has with other debtors, or (2) the arrangement is similar to the debtor's arrangements with other creditors. *Id.* It is the burden of the creditor that received a preference to offer evidence that the payment was within the ordinary course of business in the relevant industry, and to this end must provide evidence of credit arrangements of other debtors and creditors in a similar market, preferably both geographic and product. *Id.* at 369. Failure to provide such evidence requires that the defense fails as a matter of law. *Id.* Oxyde failed to set forth any such factors in discovery requesting such served by the Trustee, or to take any steps to discover or disclose such. Oxyde's Response to Interrogatory No. 3.

Trustee's Dispositive Motion for Summary Judgment (D.E. # 22) at p. 16 n. 1, filed on December 29, 2009. Thus, the Trustee specifically requested entry of summary judgment on Oxyde's defense under 11 U.S.C. §547(c)(2)(B) based on its failure to provide any factual support thereof during the discovery period. The Court's subsequent Amended Order Setting Briefing Schedule on Plaintiff and Defendant's Motions for Summary Judgment and Continuing Pretrial Conference (D.E. #31) provided Oxyde until January 25, 2010, to file any opposition or related affidavits.

On January 25, 2010, Oxyde filed its response to the Trustee's Dispositive Motion for Summary Judgment. (D.E. #41). Oxyde failed to raise or even to mention in any way its defense under 11 U.S.C. § 547(c)(2)(B), or to provide any affidavits at all concerning industry standards or practices that Oxyde now claims the Court ignored. Rather, Oxyde simply argued that its cutting off of the Debtor's credit during the preference period in order to force the Debtor's payment of an old invoice was not unusual collection activity because Oxyde had threatened to cut off the Debtor's credit once eight months beforehand. Oxyde never argued at that time, or presented any related evidence, that cutting off the Debtor's credit during the preference period was somehow the industry

RM:7222263:1

3

standard and therefore defensible under 11 U.S.C. § 547(c)(2)(B). Thus, it is Oxyde which ignored and/or abandoned any potential industry standards defense it may have had, not the Court which allegedly failed to consider it. If Oxyde believed that its conduct with respect to cutting off the Debtor's credit during the preference period complied with industry standards, then it should have provided that evidence during discovery to the Trustee (which it did not), and certainly should have tried to submit this evidence during the time afforded to it to do so under the Court's briefing schedule on summary judgment, and made related legal arguments. A party simply cannot sit on its hands with respect to an issue raised at summary judgment, and then ask for a rehearing after it loses and try to present new evidence it believes may help its case. *See Jefferson Bank v. Devault Mfg. Co. (In re Devault Mfg. Co.)*, 4 B.R. 382, 385-86 (Bankr. E.D. Pa. 1980) (party's desire to introduce additional evidence after losing does not constitute proper grounds for rehearing), *aff'd*, 4 B.R. 382 (E.D. Pa. 1981). Moreover, the affidavits now submitted by Oxyde do not even meet the legal standards applicable to a 11 U.S.C. § 547(c)(2)(B) defense set forth above, and these alleged new facts were never disclosed to the Trustee in discovery despite being the subject of specific interrogatories. Oxyde does not even allege that the facts set forth in these new affidavits were not available to it before the close of the summary judgment briefing schedule, which is also required to obtain a rehearing. *See In re Tiffany Square Assocs., Ltd.*, 104 B.R. at 442. In sum, no grounds for rehearing exist.

Oxyde otherwise argues that the Court misconstrued *In re Craig Oil Co.*, 785 F.2d 1563 (11th Cir. 1986), and *In re A.W. & Assoc., Inc.*, 136 F.3d 1439 (11th Cir. 1998), by purportedly ignoring Oxyde's claim that cutting off the Debtor's credit during the

preference period complied with industry standards. Once again, Oxyde failed to make this argument in its response to the Trustee's Dispositive Motion for Summary Judgment, and the Court nevertheless did not misapply these cases. The Court found that Oxyde had engaged in unusual collection activity by cutting off the Debtor's credit during the preference period because it had never done so before. Nothing in *In re Craig Oil* or *A.W. & Associates* holds to the contrary or suggests another outcome.

Oxyde's final argument seems to be that it had the discretion to terminate the Debtor's credit during the preference period to compel payment of an old invoice because others in the industry cut off credit in these circumstances. Oxyde's discretion in its business dealings does not permit it to take unusual collection activity to collect payments in the preference period that are prohibited under 11 U.S.C. § 547(c). Finding otherwise is not any error of fact or law, much less a manifest one. If cutting off credit is as normal in the industry as Oxyde claims, it seems odd that Oxyde never cut off the Debtor's credit in the pre-preference 3-year relationship it had with the Debtor during which time the Debtor never paid Oxyde in a timely manner.

In sum, Oxyde is simply trying to rehash arguments it either already made in connection with summary judgment, or that it certainly could have made. Oxyde defended the Trustee's motion for summary judgment on the grounds that its cutting off of the Debtor's credit during the preference period was not unusual because it had threatened to do so once before. The Court disagreed, and entered summary judgment in the Trustee's favor. Now that it lost that argument, Oxyde is improperly seeking a rehearing based on new argument and new evidence that was previously available to it that for some reason it failed to raise or present. Summary judgment does not work this

way. No grounds for a rehearing exist. The Court should accordingly deny Oxyde's Motion.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Plaintiff/Trustee's Objection to Defendant Oxyde Chemicals, Inc.'s Motion for Rehearing/New Trial (D.E. #57) has been furnished by electronic mail via the court's CM/ECF System to Steven P. Vangel, Esq. and Robert G. Moll, Esq., Hill Rivkins LLP, 55 Waugh Drive, Suite 1200, Houston, TX 77007, and to all parties on the attached service list, this 26th day of February, 2010.

**RUDEN MCCLOSKY P.A.**

_/s/ Steven Fender_
MICHAEL R. BAKST, ESQ.
Florida Bar No. 866377
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
Attorneys for Plaintiff/Trustee
222 Lakeview Ave., Suite 800
West Palm Beach, Florida 33401
Telephone: (561) 838-4509
Facsimile: (561) 514-3409

**Electronic Mail Notice List:**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Michael R. Bakst    efile2565@ruden.com, efile2558@ruden.com;FL65@ecfcbis.com
- Frank P Delia    efile2578@ruden.com, efile2550@ruden.com
- G Steven Fender    steven.fender@ruden.com, efile2565@ruden.com
- Robert C Meyer    meyerrobertc@cs.com, taniaslaw@yahoo.com

RM:7222263:1

**Manual Notice List:**

- Oxyde Chemicals, Inc., c/o J. Fernando Rodriguez, Registered Agent, 711 Louisiana, Suite 220, Houston, TX 77002
- Oxyde Chemicals, Inc., c/o Steve Stove, Secretary 225 Pennedright Dr. Houston, TX 77090
- U.S. Trustee, 51 S.W. First Avenue, Rm. 1204, Miami, FL 33130
- Robert G Moll, 55 Waugh Dr #1200, Houston, TX 77007
- Steven P Vangell, 55 Waugh Dr #1200, Houston, TX 77007

RM:7222263:1